IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.                              **Case No. 04-40061-01-RDR**

SHARRIFF TILGHMAN,

        Defendant.

_____

**O R D E R**

This matter is presently before the court upon defendant's <u>pro se</u> motions for status conference and to appoint counsel. Having carefully reviewed the motions, the court is now prepared to rule.

The defendant was indicted on June 16, 2004 in a four-count indictment, although Counts 3 and 4 were charged in the alternative. He entered a guilty plea to Count 1 of the indictment, possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), on February 22, 2005. The plea agreement provided in part as follows: "In its sole discretion, the government may recommend that the defendant receive a reduction in his sentence pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The parties agree that substantial assistance has not been provided by the defendant." The plea agreement further provided that the defendant agreed to waive "any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence."

On August 29, 2005, the defendant filed a motion to enforce plea agreement. The defendant contended he had provided substantial assistance to the government and the government had refused to file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) as required in the plea agreement. The court held a hearing on the motion prior to sentencing. During the hearing, the defendant suggested he had provided substantial assistance in two respects: (1) he had engaged in controlled buys with an individual named Tracy Smith; and (2) he provided information concerning two murders that had occurred in Topeka. The government indicated that it did not believe that the defendant had provided "substantial assistance" on these matters. The government suggested that it had not used the defendant's evidence concerning the controlled buys because of later problems they had with the defendant. The government further suggested that the information provided by the defendant on the murders was never used. After hearing testimony on the motion, the court denied the motion and proceeded to sentence the defendant. The court sentenced the defendant to 151 months, the bottom of the applicable guideline range. The defendant filed a notice of appeal. On appeal, he argued that the government had breached the plea agreement by failing to file the motion for downward departure. The Tenth Circuit determined the defendant had a right to pursue his alleged breach of plea agreement claim even in the

face of his waiver of appeal.  Nevertheless, the court determined that this court did not err in denying defendant's request that the government be ordered to file a motion for downward departure.  In light of that ruling, the court granted the government's request that defendant's waiver of his right to appeal be enforced and dismissed the appeal.

On September 27, 2010, the defendant filed a "Motion for Status Conference."  In that motion, the defendant suggested that the government should now be forced to file a motion for downward departure because he has recently learned that the government used the evidence concerning the controlled buys he made from Tracy Smith at her trial and convicted her of those crimes.  He asks the court to set a status conference so the court can consider this issue.  In a motion filed on October 18, 2010, he asked the court to appoint counsel to represent him on this matter.

The court has an obligation to look behind the label of a motion filed by a pro se litigant and determine whether the motion is, in effect, cognizable under a different remedial statutory framework.  Although labeled as a "Motion for Status Conference," the defendant contends that the government has breached the plea agreement entered into in this case and should be forced to file a motion for downward departure.  The nature of the claim asserted by the defendant is only cognizable under a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  See United

3

States v. Bias, 2003 WL 22003091, at * 2 (D.Kan. 2003) (breach of plea agreement argument is cognizable in a 2255 motion). However, where the district court recharacterizes a pro se litigant's motion as a first § 2255 motion, it can have serious consequences because it subjects any subsequent § 2255 motion to the restrictive conditions that federal law imposes upon a second or successive §2255 motion. If the court chooses to characterize a motion as one for relief under § 2255, the court must first notify the defendant and give him an opportunity to cure, either by converting his motion to a § 2255 action including all claims, or allow him to refile the motion in a manner that could not be characterized as a habeas petition. United States v. Kelly, 235 F.3d 1238, 1242 (10th Cir. 2000).

Accordingly, the court hereby notifies the defendant that the claim asserted by him must be recharacterized as a § 2255 motion. The Clerk of the court is directed to send the defendant a copy of the standard § 2255 motion form which the defendant may use to amend his § 2255 motion. The defendant should provide the necessary information on the form and include any additional claims he believes need to be raised. If the defendant wishes to withdraw the instant motion, he should inform the court prior to December 31, 2010. If the defendant does not respond to this order, the court will move forward with deciding the instant motion as a §2255 motion.

**IT IS THEREFORE ORDERED** that the defendant shall inform the court on or before December 31, 2010 if he wishes to withdraw his motion for status conference. If he does not wish to withdraw his motion, he should submit the attached 2255 motion with any amendments prior to December 31, 2010. The Clerk is directed to send of copy of this order and a § 2255 motion form to the defendant. The court will consider the defendant's motion to appoint counsel at a later date.

**IT IS SO ORDERED.**

Dated this 13th day of December, 2010 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge