IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                               **Case No. 04-40061-01**
                                           **11-4011-RDR**

SHARRIFF TILGHMAN

        Defendant.

## MEMORANDUM AND ORDER

This matter is presently before the court upon the following motions: (1) defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255; and (2) government's motion for enforcement of the plea agreement and to dismiss the § 2255 petition. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

Some background is necessary to place the instant motions into context. The defendant was arrested by officers of the Topeka Police Department on April 8, 2004 for solicitation of prostitution. At the time of his arrest, crack cocaine and a firearm were recovered from his vehicle. Following his arrest, he talked with police officers and agreed to cooperate in the investigation of Tracy Smith, an individual that the officers thought was involved in distributing drugs and ordering two homicides in Topeka. The defendant then purchased drugs from Ms. Smith on four occasions. The cooperation agreement ended when the

defendant was arrested for aggravated robbery.

On June 16, 2004, the defendant was indicted in a four-count indictment, although Counts 3 and 4 were charged in the alternative. On August 31, 2004, the defendant filed, inter alia, a motion to dismiss the indictment. The defendant contended that the indictment should be dismissed because he had made an agreement with law enforcement officers that if he cooperated in the investigation against Smith he would not be prosecuted in federal court. The court denied the motion on October 13, 2004. The court determined that (1) the law enforcement officers had no authority to bind the federal government; and (2) the defendant breached the agreement when he was later arrested for aggravated robbery.

The defendant eventually entered into a plea agreement and agreed to plead guilty to Count 1 of the indictment. On February 22, 2005, the defendant entered a plea of guilty to possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). At the time the plea was entered, the parties agreed that the defendant had not yet provided substantial assistance to the government, and the agreement was prospective. The plea agreement provided that "[i]n its sole discretion, the government may recommend that the defendant receive a reduction in his sentence pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)." The plea also provided as follows:

> Waiver of Appeal and Collateral Attack.  Defendant knowingly and voluntarily waives any right to appeal or

>collaterally attack any manner in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the Court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28 U.S.C. 2255 [except as limited by <u>United States v. Cockerham</u>, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the Court departs upward from the applicable sentencing guideline range determined appropriate by the Court. . . .

Following the plea, the defendant was interviewed by law enforcement officers on two occasions.  In July 2005, the defendant was to appear before the grand jury to provide testimony on the earlier drug buys he had made from Smith.  The defendant had also indicated some desire to provide information on the homicides that law enforcement thought were tied to Smith, but this information never proved helpful.  The assistant United States attorney who was prosecuting the Smith matter ultimately decided not to call the defendant as a witness due to information he had received from members of the United States Marshal's Service.  He was informed that the defendant had threatened the assistant United States attorney who was prosecuting this case.

On August 29, 2005, the defendant filed a motion to enforce the plea agreement.  In that motion, the defendant contended that

he had provided substantial assistance to the government and, thus, the government should be required to file a motion for downward departure based upon substantial assistance. The court held a hearing on this motion prior to sentencing. The court heard testimony from several law enforcement officers on the issues raised. At the conclusion of the testimony, the court denied the defendant's motion and proceeded to sentence the defendant at the bottom of the appropriately calculated guidelines.

Phillip Cheatham was prosecuted in state court for the murders that law enforcement officers sought information from the defendant. He was convicted after a trial in September 2005. No information provided by the defendant was used in the trial, and he was not called as a witness.

The defendant filed an appeal following his sentencing. The government sought to enforce the appellate waiver contained in the plea agreement. On January 9, 2007, the Tenth Circuit found that the government had not breached the plea agreement and, therefore, enforced the waiver against the defendant and dismissed the appeal. <u>United States v. Tilghman</u>, 211 Fed.Appx. 778, 780 (10th Cir. 2007). The court received the mandate on February 2, 2007. The defendant did not file a petition for writ of certiorari with the United States Supreme Court.

In January and February 2007, this court conducted a jury trial in the criminal action against Smith. During the trial, the

government presented evidence from law enforcement officers about the controlled buys made by the defendant from Smith, which had occurred in April 2004.  The government did not call the defendant as a witness.  Smith was convicted of these buys plus a number of other crimes.  Her convictions and sentence were affirmed by the Tenth Circuit on July 23, 2008 in a published opinion.  See United States v. Smith, 534 F.3d 1211 (10th Cir.), cert. denied, 129 S.Ct. 654 (2008).

On September 27, 2010, the defendant, proceeding pro se, filed a "Motion for Status Conference."  The court later issued an order indicating that the allegations raised by the defendant in his motion constituted claims that must be considered under 28 U.S.C. § 2255.  The court directed the defendant to file a § 2255 motion that included all of his claims because this was his first § 2255 motion.  The defendant then filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on January 31, 2011. The government then filed its motion for enforcement of the plea agreement and to dismiss defendant's § 2255 petition.

In his § 2255 petition, the defendant once again contends the government breached the plea agreement by failing to file a motion for reduction of sentence.  The defendant points out that he first learned on September 10, 2010 that the government had introduced evidence in the Smith case about the four controlled buys in which he had participated.  He suggests that the government's use of this

5

evidence demonstrates that he provided substantial assistance to the government and that the government should have filed a motion to reduce his sentence. He asserts that he made this discovery while he was looking up his case in the prison law library. The defendant also raises a second basis for relief. He contends that he never sold or distributed the drugs charged in Count 1 of the indictment, the count to which he entered a guilty plea.

The government has raised several issues concerning the defendant's § 2255 motion in its motion for enforcement of the plea agreement and to dismiss the § 2255 petition. In particular, the government has asserted that the defendant (1) failed to file his motion within the applicable statute of limitations; and (2) waived his right to collateral review in his plea agreement. Based upon these contentions, the government asserts that the court should dismiss the defendant's § 2255 petition.

The court shall first proceed to the government's argument that the court should enforce the plea agreement and dismiss the defendant's § 2255 petition. An appellate waiver or waiver of collateral review is not enforceable if the government breaches its obligations under the plea agreement. United States v. Rodriguez-Rivera, 518 F.3d 1208, 1212 (10th Cir. 2008). "General principles of contract law define the content and scope of the government's obligations under a plea agreement." United States v. VanDam, 493 F.3d 1194, 1199 (10th Cir. 2007). "We thus look to the express

language in the agreement to identify both the nature of the government's promise and the defendant's reasonable understanding of this promise at the time of the entry of the guilty plea." Id. The court must evaluate the record as a whole to ascertain whether the government complied with its promise. Id.

In defendant's direct appeal, he had argued that the government had breached the plea agreement by failing to file a motion for reduction for his assistance in cooperating in the investigation of Smith. The Tenth Circuit rejected this argument and affirmed the findings of this court:

> Accordingly, from the record before us, we conclude that the district court did not err in denying the defendant's request that the government be ordered to file a motion for downward departure. Paragraph 5(e) of the plea agreement is quite clear to us. The record does not indicate "bad faith" on the part of the government and only suggests, at best, a difference in opinion as to whether the defendant "assisted" the government, and, if he did, whether it amounted to "substantial assistance."

Tilghman, 211 Fed.Appx. at 781.

The court is not persuaded that anything significant has changed since the findings made by this court in earlier proceedings and the conclusions reached by the Tenth Circuit. The introduction of the evidence of the defendant's controlled buys at Smith's trial does not support a finding that the defendant provided substantial assistance. The use of this evidence did aid the government in obtaining convictions of Smith, but the government did not use the defendant to testify. The government

7

had apparently determined that the problems involving the defendant that occurred after the buys, such as his arrest for robbery and his threats against an assistant United States attorney, rendered the defendant a dubious witness.  The government was able to obtain the convictions in spite of the defendant's actions.  The court is not convinced that the defendant provided "substantial assistance" to the government.  The defendant has continued to suggest in his response to the government's motion that his actions, even without any testimony at the Smith trial, constituted substantial assistance.  The court has already heard all of the evidence noted by the defendant at the hearing prior to sentencing.  The court does not find that the defendant has offered anything to adequately refute that evidence.

Morever, even if the actions of the defendant's were deemed substantial assistance, the court could not find that the government's decision not to file a motion for reduction of sentence does not exceed the bounds of its discretion.  The refusal was not based on an unconstitutional motive.  Rather, the government's motive was based on the acts of the defendant following the controlled buys.  This decision was not based on the defendant's race, religion or national origin.  The decision does not appear to have been made in bad faith.  Accordingly, the court does not find the government breached the plea agreement.

In determining whether a plea agreement is enforceable, the

court employs the analysis set forth in United States v. Hahn, 359 F.3d 1315, 1325-28 (10th Cir. 2004).  That analysis requires a determination of whether (1) the disputed appeal falls within the scope of the waiver of appellate rights, (2) the defendant knowingly and voluntarily waived his appellate rights, and (3) enforcing the waiver would result in a miscarriage of justice. Id.

The court finds that the three requirements of Hahn are met here.  The defendant's claims fall within the scope of the collateral review waiver.  In addition, the court finds that the defendant knowingly and voluntarily waived his collateral review rights.  The language of the plea agreement states that the defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence."  The defendant also acknowledged during the Rule 11 colloquy that he understood that he was waiving his right to appeal.  Finally, the enforcement of the waiver will not result in a miscarriage of justice.  Enforcement of an appellate waiver results in a miscarriage of justice when "(1) the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." Hahn, 359 F.3d at 1327 (citations omitted).  None of these situations are present here.  Thus, the court finds

that the government motion's to enforce the collateral review waiver must be granted.

The court also finds that the government's argument on the timeliness of the defendant's § 2255 motion has merit. A petitioner's motion for post-conviction relief under 28 U.S.C. § 2255(f) must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The only relevant subsections here are (1) and (4). The defendant did not timely file his § 2255 petition under § 2255(f)(1) because his conviction became final more than one year before he filed his petition. The court reaches this determination without even considering whether the appropriate filing date is September 27, 2010 or January 31, 2011. The defendant's conviction became final on April 10, 2007, ninety days after the Tenth Circuit's order dismissing his appeal. Thus, the deadline for filing a § 2255 petition was April 10, 2008.

10

Subsection (4) provides the only avenue available to the defendant to avoid dismissal for lack of timeliness. The defendant has suggested that he only became aware of the circumstances surrounding the use of the evidence of his controlled buys on September 1, 2010 when he saw the Smith case in the prison law library while he was examining his own case. Thus, he contends that his petition was filed within one year of learning of that information. The court fails to find that the defendant has demonstrated that these facts could not have been discovered much earlier through due diligence. The Smith opinion was published by the Tenth Circuit on July 23, 2008. The court believes that the defendant could have discovered the pertinent facts in support of his claim at that time. Thus, the defendant's petition was filed well over a year after that period. Therefore, the defendant's § 2255 petition is also untimely under § 2255(f)(4) as well. In sum, for the aforementioned reasons, the defendant's petition must also be dismissed as untimely.

**IT IS THEREFORE ORDERED** that the government's motion for enforcement of the plea agreement and motion to dismiss § 2255 petition (Doc. # 112) be hereby granted. The defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is hereby dismissed.

**IT IS SO ORDERED.**

Dated this 20th day of July, 2011 at Topeka, Kansas.

                                          s/Richard D. Rogers
                                          United States District Judge